# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA

## MACON DIVISION

JUSTIN LASTER
Plaintiff

v.

CARECONNECT HEALTH,
GRADY MEMORIAL HOSPITAL
CORPORATION, AMERICUS & SUMTER
COUNTY HOSPITAL AUTHORITY, PHOEBE
SUMTER MEDICAL CENTER,
PHOEBE PUTNEY HEALTH SYSTEM,
CIOX HEALTH, CHAMBLESS
HIGDON RICHARDSON KATZ
& GRIGGS LLP
Defendants

CIVIL ACTION
FILE NO.

July 15, 2020

COMPLAINT

Damages

Compensatory Damages and Enforcement Compliance

Civil Action for Deprivation of Rights, Deprivation of Relief
Benefits, Federally Protected Activities, Conspiracy Against Rights
42 United States Code § 1983 Civil Action for Deprivation of
Rights, Violation of 18 United States Code § 246 Deprivation of
Relief Benefits, Violation of 18 United States Code § 245
Federally Protected Activities, Violation of 18 United States Code
§ 241 Conspiracy Against Rights, and Violation of United States
Constitution Amendment XIV (14); Actions in Nature of Violation
of42 United States Code § 1983 Civil Action for Deprivation of
Rights, Violation of 18 United States Code § 246 Deprivation of
Relief Benefits, Violation of 18 United States Code § 245
Federally Protected Activities, Violation of 18 United States Code
§ 241 Conspiracy Against Rights, and Violation of United States
Constitution Amendment XIV (14); Liquidated Damages

**Complaint, petition, or declaration----For damages----42
United States Code § 1983 Civil Action for Deprivation of
Rights, Violation of 18 United States Code § 246 Deprivation of
Relief Benefits, Violation of 18 United States Code § 245
Federally Protected Activities, Violation of 18 United States
Code § 241 Conspiracy Against Rights, and Violation of United
States Constitution Amendment XIV (14)--- Defendant**

COMPLAINT

Plaintiff, Justin Laster, alleges:

1. Plaintiff is now, and at all times mentioned in this complaint was, a resident of 2014 Armory Drive, Americus, Sumter, Georgia.

2. Defendant CareConnect Health, Inc., a Domestic Non-Profit Health Care Corporation, is, and at all times mentioned in this complaint was, a Corporation organized and existing under the laws of Georgia with its principal place of business located at 618 East Lamar Street, Americus, Sumter, Georgia.

3. Defendant Grady Memorial Hospital Corporation, a Domestic Non-Profit Health Care Corporation, is, and at all times mentioned in this complaint was, a Corporation organized and existing under the laws of Georgia with its principal place of business located at 80 Jesse Hill Jr. Drive Southeast, Atlanta, Fulton, Georgia.

4. Defendant Americus & Sumter County Hospital Authority, a Municipal Corporation, is, and at all times mentioned in this complaint was, a Municipal Corporation organized and existing under the laws of Georgia with its principal place of business located at 101 West Lamar Street, Americus, Sumter, Georgia.

5. Defendant Phoebe Sumter Medical Center Inc., a Domestic Non-Profit Health Care Corporation, is, and at all times mentioned in this complaint was, a Corporation organized and existing under the laws of Georgia with its principal place of business located at 126 US Highway 280 West, Americus, Sumter, Georgia.

6. Defendant Phoebe Putney Health System, Inc., a Domestic Non-Profit Health Care Corporation, is, and at all times mentioned in this complaint was, a Corporation organized and existing under the laws of Georgia with its principal place of business located at 910 North Jefferson Street, Albany, Dougherty, Georgia.

7. Defendant Ciox Health, LLC, a Domestic For Profit Corporation, is, and at all times mentioned in this complaint was, a Corporation organized and existing under the laws of Georgia with its principal place of business located at 925 North Point Parkway, Suite 350, Alpharetta, Fulton, Georgia.

8. Defendant Chambless, Higdon, Richardson, Katz & Griggs, LLP, a Domestic For Profit Corporation, is, and at all times mentioned in this complaint was, a Corporation organized and existing under the laws of Georgia with its principal place of business located at 3920 Arkwright Road, Suite 405, Macon, Macon-Bibb, Georgia.

9. On June 17th, 2019 I visited CareConnect Health in Americus,

GA on 618 East Lamar Street for discomfort in my upper right chest. CareConnect Health took blood work to check to see if I had taken any drugs, even though CareConnect said I refused a drug test. CareConnect refused to verify in writing or orally my consent to allow disclosure of my entire Privileged and Protected Medical Records and Information and give me the opportunity to object to the unauthorized and unlawful release of my Privileged and Protected Medical Records and Information, which was in violation of 42 U.S. Code § 1320d–6 United States Code Title 42. THE PUBLIC HEALTH AND WELFARE Chapter 7. SOCIAL SECURITY Subchapter XI. GENERAL PROVISIONS, PEER REVIEW, ANDADMINISTRATIVE SIMPLIFICATION Part C. Administrative Simplification Section 1320d–6. Wrongful disclosure of individually identifiable health information in reference to unauthorized obtaining and disclosing of Individually Identifiable Health Information pertaining to an individual, 42 Code of Federal Regulations § 2.13 - Confidentiality restrictions and safeguards, 42 Code of Federal Regulations § 2.31 - Consent requirements, 45 Code of Federal Regulations § 164.508 - Uses and disclosures for which an authorization is required, and 42 United States Code § 1983 Civil Action for Deprivation of Rights. The State of Georgia and the Georgia Department of Administrative Services unlawfully obtained my Medical Records from CareConnect Health in Americus, GA on September 19, 2019, ten (10) days after my signed waiver was Expired, Terminated and Voided by its' Denying and Closing my Workers'

Compensation Claim, which the protection of the State of
Georgia's right to obtain my Medical Records pertaining to my
injury legally was Expired, Terminated and Voided by the limited
waiver in accordance with Georgia State Law and United States
Federal Law without my written consent.

10. On June 21st, 2019 and August 12th, 2019 I visited Grady
Memorial Hospital in Atlanta, GA for discomfort in my upper right
chest. Grady Memorial Hospital refused to verify in writing or
orally my consent to allow disclosure of my entire Privileged and
Protected Medical Records and Information and give me the
opportunity to object to the unauthorized and unlawful release of
my Privileged and Protected Medical Records and Information,
which was in violation of 42 U.S. Code § 1320d–6 United States
Code Title 42. THE PUBLIC HEALTH AND WELFARE Chapter
7. SOCIAL SECURITY Subchapter XI. GENERAL
PROVISIONS, PEER REVIEW, ANDADMINISTRATIVE
SIMPLIFICATION Part C. Administrative Simplification Section
1320d–6. Wrongful disclosure of individually identifiable health
information in reference to unauthorized obtaining and disclosing
of Individually Identifiable Health Information pertaining to an
individual, 42 Code of Federal Regulations § 2.13 - Confidentiality
restrictions and safeguards, 42 Code of Federal Regulations § 2.31
- Consent requirements, 45 Code of Federal Regulations § 164.508
- Uses and disclosures for which an authorization is required, and
42 United States Code § 1983 Civil Action for Deprivation of

Rights. On January 14th, 2020 Grady Memorial Hospital Corporate Compliance office sent me a letter stating, "Please accept this letter as Grady Memorial Hospital's ("Grady") written response to your request to restrict the release of your medical record. On January 10, 2020, Grady's Corporate Compliance Office received your written request to not "release any and all of my medical records without my consent and waiver of my Privacy rights under The Health Insurance Portability and Accountability Act of 1996 to any attorney, judge, or any other person without written consent from me." Your request has been reviewed and it has been Denied" that they were not going to follow my objection and send my Privileged and Protected Medical Records and Information without my written consent to a third (3rd) party because it was a Workers' Compensation court proceeding and HIPAA restrictions do not apply to the following uses and disclosures of my Privileged and Protected Medical Records and Information. Administrative Law Judge Sharon Reeves in her order on January 21, 2020 allowed an unauthorized release of my Entire Medical Records and Information from CareConnect Health, Grady Memorial Hospital, and Phoebe Sumter Medical Center knowing that I had provided her evidence and documentation that I signed a first (1st) WC-207 Georgia State Board Of Workers' Compensation Authorization And Consent To Release Medical Information on September 5, 2019 was expired and deficient because when the State of Georgia and the Georgia Department of Administrative Services made its' determination and decision to Deny my Workers' Compensation

claim on the State of Georgia Notice to Controvert legal document,
the waiver became expired and deficient on September 9, 2019 and
therefore any Protected and Privileged Health Information the
State of Georgia and the Georgia Department of Administrative
Services received after September 9, 2019 was in violation of
Federal HIPAA law and therefore subject to criminal prosecution
for such unlawful obtaining of my Protected and Privileged
Medical Records. The waiver of my Medical Records was limited
in scope to either approving or denying a Workers' Compensation
claim in favor of myself or not and nothing more. The State of
Georgia and the Georgia Department of Administrative Services
decision to Deny my Workers' Compensation claim on September
9, 2019 expired, made deficient, and made any attempt to obtain
any of my Protected and Privileged Medical Information and
Records unlawful and having a false consent which was in
violation of O.C.G.A. § 34-9-207 and 42 United States Code
§ 1320d–6 United States Federal Law. Administrative Law Judge
Sharon Reeves stated in her order on January 21, 2020 "The
Georgia Civil Practice Act makes clear that the scope of discovery
includes information that might be inadmissible at trial if the
information sought appears reasonably calculated to lead to the
discovery of admissible evidence. O.C.G.A. § 9-11-26 (b) (1).
Georgia courts have held that this statute must be given liberal
construction in favor of supplying a party with the facts underlying
the opponent's case, without reference to whether the facts sought
are admissible at trial. Sechler Family Partnership v. Prime Group

255 Ga. App. 854, 567 S.E. 2d 24 (2002). The waiver of privilege in the workers' compensation context is specifically defined in O.C.G.A. § 34-9-207 as regarding "any communications related to the claim or history or treatment of injury arising from the incident." O.C.G.A. § 34-9-207 was amended in 2009 to clarify that an employer/self-insurer is entitled to not only those medical records directly related to the alleged compensable condition but also those related to "the employee's medical history with respect to any condition or complaint reasonably related to the condition for which such employee claims compensation."

Employer/Self-Insurer argues that has reasonable cause to pursue the requested medical records as the information contained therein may relate to Employee's prior history or treatment for alleged work injury although the records may not directly relate to treatment of the work injury. I agree. Finally, Employee argues that Employer/Self-Insurer is violating his rights under HIPAA in seeking the medical records at issue. I disagree. "HIPAA exempts from its requirements disclosures made in accordance with state workers' compensation laws. See 45 C.F.R. § 164.512 (l)." Therefore, I find that good cause for the requested discovery has been demonstrated by Employer/Self-Insurer. Thus, the requested discovery shall be allowed. Sharon H. Reeves Administrative Law Judge It is So Ordered, this 21st day of January, 2020.

Administrative Law Judge Sharon Reeves ordered March 9th, 2020 and April 9th, 2020 stating the same decision stating, "I will not reiterate the law on discovery of medical records in this Order.

Rather, I refer Employee to my Orders dated January 21, 2020 and March 9, 2020" allowing unlawful discovery of any and all of my entire Medical Records and Information. The State of Georgia and the Georgia Department of Administrative Services unlawfully obtained my Medical Records from Grady Memorial Hospital in Atlanta, GA on October 7, 2019, twenty eight (28) days four (4) weeks after my signed waiver was Expired, Terminated and Voided by the State of Georgia Denying and Closing my Workers' Compensation Claim, which the protection of the State of Georgia's right to obtain my medical records pertaining to my injury legally was Terminated and Voided by the limited waiver in accordance with Georgia State Law and United States Federal Law without my written consent. The State of Georgia and the Georgia Department of Administrative Services sent a signed Release and Authorization Form For my Medical Records that was legally Expired, Terminated and Voided under false pretenses and in violation of Public Law 104-191, the Health Insurance Portability and Accountability Act of 1996, 42 U.S. Code § 1320d–6.Wrongful disclosure of individually identifiable health information, O.C.G.A. § 34-9-207, O.C.G.A. § 34-9-18, and O.C.G.A. § 34-9-19

11. On June 19th, 2019 and August 12th, 2019 I visited Phoebe Sumter Medical Center for discomfort in my upper right chest. Phoebe Sumter Medical is under lease by the Americus Sumter Hospital Authority for 60 years with Phoebe Putney Health System

and they released my Medical Records unauthorized without my
written consent. Phoebe Sumter Medical Center refused to verify
in writing or orally my consent to allow disclosure of my entire
Privileged and Protected Medical Records and Information and
give me the opportunity to object to the unauthorized and unlawful
release of my Privileged and Protected Medical Records and
Information, which was in violation of 42 U.S. Code § 1320d–6
United States Code Title 42. THE PUBLIC HEALTH AND
WELFARE Chapter 7. SOCIAL SECURITY Subchapter XI.
GENERAL PROVISIONS, PEER REVIEW,
ANDADMINISTRATIVE SIMPLIFICATION Part C.
Administrative Simplification Section 1320d–6. Wrongful
disclosure of individually identifiable health information in
reference to unauthorized obtaining and disclosing of Individually
Identifiable Health Information pertaining to an individual, 42
Code of Federal Regulations § 2.13 - Confidentiality restrictions
and safeguards, 42 Code of Federal Regulations § 2.31 - Consent
requirements, 45 Code of Federal Regulations § 164.508 - Uses
and disclosures for which an authorization is required, and 42
United States Code § 1983 Civil Action for Deprivation of Rights.

12. On December 16th, 2019 Chambless, Higdon, Richardson, Katz
& Griggs, LLP requested my Privileged Medical Records and
Information any and all documents pertaining to me from
CareConnect Health, Grady Memorial Hospital, and Phoebe
Sumter Medical Center, January 14th, 2020 from Georgia Farm

Bureau Mutual Insurance Company, Personnel Records pertaining
to me on March 6th, 2020 from the Georgia Department of
Corrections, April 9th, 2020 from Navicent Health, which is in
violation of 42 U.S. Code § 1320d–6 United States Code Title 42.
THE PUBLIC HEALTH AND WELFARE Chapter 7. SOCIAL
SECURITY Subchapter XI. GENERAL PROVISIONS, PEER
REVIEW, AND ADMINISTRATIVE SIMPLIFICATION Part C.
Administrative Simplification Section 1320d–6. Wrongful
disclosure of individually identifiable health information in
reference to unauthorized obtaining and disclosing of Individually
Identifiable Health Information pertaining to an individual,
O.C.G.A. § 34-9-207, 42 United States Code § 1983 Civil Action
for Deprivation of Rights, 18 United States Code § 241 Conspiracy
Against Rights, 18 United States Code § 246 Deprivation of Relief
Benefits, 18 United States Code § 245 Federally Protected
Activities, O.C.G.A. § 34-9-19, O.C.G.A. § 34-9-18, O.C.G.A.§
9-15-14, O.C.G.A. § 51-7-81, and Public Law 104-191 the Health
Insurance Portability and Accountability Act of 1996.

13. On January 24th, 2020 Ciox Health received a request for my
Privileged Medical Records and Information and start processing
the request of my Privileged Medical Records on January 31st,
2020 to send out to the third (3rd) party that requested my
Privileged Medical Records Chambless, Higdon, Richardson, Katz
& Griggs, LLP with knowledge and documentation of my
objection of the unlawful release of my Privileged and Protected

Individually Identifiable Health Information in violation of 42 U.S. Code § 1320d–6 United States Code Title 42. THE PUBLIC HEALTH AND WELFARE Chapter 7. SOCIAL SECURITY Subchapter XI. GENERAL PROVISIONS, PEER REVIEW, AND ADMINISTRATIVE SIMPLIFICATION Part C. Administrative Simplification Section 1320d–6. Wrongful disclosure of individually identifiable health information in reference to unauthorized obtaining and disclosing of Individually Identifiable Health Information pertaining to an individual. 42 United States Code § 1983 Civil Action for Deprivation of Rights, United States Constitution Amendment XIV (14), O.C.G.A. § 34-9-207, 45 Code of Federal Regulations § 164.508 - Uses and disclosures for which an authorization is required, 42 Code of Federal Regulations § 2.13 - Confidentiality restrictions and safeguards, 42 Code of Federal Regulations § 2.31 - Consent requirements, and the Health Insurance Portability and Accountability Act of 1996.

14. On February 18th, 2020 Chambless, Higdon, Richardson, Katz & Griggs, LLP was representing the State of Georgia, Georgia Department of Corrections Macon State Prison, and the Georgia Department of Administrative Services and stated the following in pleadings and arguments in a legal and court proceeding, "Any delay is caused by the Claimant's obstruction and unreasonable hinderance of lawful discovery in this matter. The Employer/Self-Insurer has filed a hearing request seeking attorney's fees for the claimant's unreasonable actions attempting

to thwart discovery. The delay in this matter is caused by the Claimant's own constant objections to legitimate medical discovery. The Claimant's medical records are not privileged, and they are discoverable. He has waived any privilege when he filed the hearing request. If he wishes to keep his medical records privileged, he simply needs to withdraw his hearing request. That is entirely within his control. Until he does, the Employer/Self-Insurer is entitled to seek medical records which are reasonably calculated to lead to the discovery of admissible. The Claimant's own conflicting statements regarding his right upper quadrant pain, in close proximity to his alleged injury date, make the health care information discoverable.

15. On January 2nd, 2020 Chambless, Higdon, Richardson, Katz & Griggs, LLP was representing the State of Georgia, Georgia Department of Corrections Macon State Prison, and the Georgia Department of Administrative Services and stated the following in pleadings and arguments in a legal and court proceeding, "On December 16, 2019, as part of its ongoing discovery, Employer/Self-Insurer filed third-party request for production of documents to Grady Memorial Hospital, Care Connect Health, and Phoebe Sumter Medical Center, seeking records of the Claimant's medical treatment related to his alleged work injuries, or other explanations for the Claimant's alleged physical problems. The Employer/Self-Insurer contends that its discovery seeking the Claimant's medical records is entirely proper pursuant to the

Georgia Civil Practice Act and the Workers' Compensation Code.
Further, by filing this hearing request, the Claimant has waived any
privilege he might have to the requested medical records. As a
result, the Employer/Self-Insurer requests an order denying the
Claimant's objection and allowing medical discovery in this matter.
On October 4, 2019, Mr. Laster filed a hearing request alleging a
bodily injury to his upper right chest area (Exhibit A). Prior to
filing the hearing request, on September 5, 2019, Mr. Laster
executed a WC-207 for the purposes of obtaining his medical
records to evaluate his claim. (Exhibit B). Pursuant to the WC-207,
the Employer/Self-Insurer obtained some medical records from
Grady Memorial Hospital. They contained a narrative regarding a
treatment date of service of October 12, 2019 in which the
Claimant complained of flank pain that began on July 12, 2019
related to a "running activity". (Exhibit C). The
Employer/Self-Insurer also obtained a medical record from Care
Connect Health dated June 17, 2019. In that narrative, the
Claimant's chief complaint was of right upper quadrant discomfort
persistent over the last two years. He stated that he felt "as if his
organs are too large pushing on his rib cage, and that he had
discomfort when lying down and raising his arms over his head."
After the Claimant filed his hearing request, the
Employer/Self-Insurer, as is its right under O.C.G.A§ 34-9-102(d)
and the Georgia Civil Practice Act, submitted third-party requests
for production of documents to these and other medical providers
to obtain a more complete medical history of the Claimant and his

alleged injuries. In response to the requests for production of documents, the Claimant filed the subject objection seeking to prevent the Employer/Self-Insurer from exercising its appropriate discovery rights in this matter. In his objection, the Claimant raises several factual allegations which are not relevant to the current issue. It contained several paragraphs where the Claimant states the various physical activities that he was able to do as part of his basic correctional officer training course before starting full-time work with the Employer/Self-Insurer. It is undisputed that after executing the WC-207, the Claimant filed a hearing request. It is also apparent that he does not appreciate that filing the hearing request gives the Employer/Self-Insurer standard discovery rights to investigate his medical history regardless of whatever alleged agreement he made prior to filing the hearing request. (For the purposes of this

response, the Employer/Self-Insurer is not commenting on the accuracy of his alleged assertion that there was such an agreement). Clearly the Workers' Compensation code provides ample authority for the Employer/Self-Insurer to obtain the Claimant's medical treatment records through discovery. The Claimant may believe that he may have had some agreement prior to filing his hearing request that would limit the scope of medical records which could be obtained, and for which he executed a WC-207 release. However, once he has filed a hearing request, he cannot limit the Employer from obtaining through proper discovery, other medical records related to any treatment of his

alleged injury, or even treatment which is related to the condition which he alleges. As Your Honor can see in the medical records which have been obtained, and which form the basis of the WC-3 controvert in this matter, the requested medical records likely contain medical evidence relevant to the Claimant's hearing request, and have already demonstrated to some degree that any physical problem the Claimant has is unrelated to his work activity with this employer. The Claimant's objection to request for release of medical records is completely without merit, and the Employer/Self-Insurer request the Administrative Law Judge enter an order denying the Claimant's objection. Once he has filed a hearing request, the Employee/Claimant has waived any privacy protection to relevant medical treatment records. The Employer/Self Insurer is entitled to discovery of those medical records and to obtain records of relevant medical treatment from the Claimant's medical providers. Furthermore, although the Claimant claims he had an agreement to limit the scope of his WC-207, the Georgia Workers' Compensation code clearly requires that if needed, the Claimant provide a WC-207 for the Employer/Self-Insurer to obtain such medical discovery. As is indicated by the few medical records which have already been obtained, to the extent the Claimant has any physical problem with his right or upper chest, it is due to issues unrelated to his employment with this employer. The Employer/Self-Insurer is entitled to obtain medical records sought by its discovery and the Employer/Self-Insurer requests the Administrative Law Judge deny

this objection and allow this discovery and future appropriate medical discovery to continue as part of this claim."

16. Chambless, Higdon, Richardson, Katz & Griggs, LLP was not telling the truth about the facts stating I had conflicting statements about an injury I sustained which the statements he was referring to were on June 17, 2019 when CareConnect stated I said I had Right Upper Quadrant discomfort that had persisted over the last two (2) years and that I sought treatment for the condition but was evasive on how many medical providers I had seen over the last two (2) years, and on July 12 when I told Navicent Health that I had Flank Pain after a running event.

17. I sustained an injury while performing my assigned duties while employed and working for the State of Georgia and the Georgia Department of Corrections on May 24, 2019, reported it to my immediate supervisor Lieutenant Mark Charles before my shift ended. I went to receive medical attention for my sustained on the job injury at CareConnect on June 17, 2019, Phoebe Sumter Medical Center on June 19, 2019, Grady Memorial Hospital on June 21, 2019, Navicent Health on July 12, 2019, Grady Memorial Hospital on August 12, 2019, Phoebe Sumter Medical Center on August 12, 2019 and Navicent Health on August 15, 2019. I went to all of these Medical Facilities for the same injury that was diagnosed on August 15, 2019 at Navicent Health for a Right Torn Upper Strained Muscle.

18. I filed a Workers' Compensation Claim for my on the job injury on September 3, 2019. I talked to several State of Georgia Georgia Department of Administrative Services personnel on September 3 through September 4, 2019 about the details surrounding my on the job injury. On September 4, 2019 the State of Georgia Georgia Department of Administrative Services sent me an email with a copy of a blank WC-207 form and told me over the phone they needed me to sign the WC-207 Georgia State Board Of Workers' Compensation Authorization And Consent To Release Medical Information to obtain my Medical Records from the medical facilities that I visited and was treated for my on the job injury. I sent by email the signed WC-207 blank form to the State of Georgia Georgia Department of Administrative Services consenting to allowing them to obtain my Medical Records limited only pertaining to my on the job injury because any other records not relevant to my on the job injury on May 24, 2019 was Privileged and Protected by the Health Insurance Portability and Accountability Act of 1996. Four (4) days after I sent the State of Georgia Georgia Department of Administrative Services the signed WC-207 by email they filed a Notice of Controvert in my Workers' Compensation case, Controvert means to contest, deny, or take issue with, so the State of Georgia Georgia Department of Administrative Services was Contesting, Denying, and Taking an Issue With my filed Workers' Compensation Claim, which means they did not believe I became injured on the job while performing

my assigned duties because to Contest, Deny, an Take Issue With my Claim that I was injured at work means they did not believe my stating of the events that led to me being injured on the job, and to only in four (4) days not retrieve any Medical Records pertaining to my on the job injury I filed a Workers' Compensation claim for, the State of Georgia Georgia Department of Administrative Services violated the simple process of Approving and Denying my Workers' Compensation Claim based on sufficient evidence in my Medical Records proving I had obtained an on the job injury while performing my assigned duties, but instead stated as their reasoning of Contesting, Denying, and Taking an Issue With my Workers' Compensation claim, "This serves as notice, pursuant to O.C.G.A. § 34-9-221, that the right to compensation in this claim is being controverted on the following specific grounds: No medical to support injury due to accident on 5/24/19. Right is reserved to defend all 34-9". I sustained an on the job injury because the State of Georgia Georgia Department of Corrections ran my assigned post in the Tier I and Tier II Units with one (1) or two (2) Certified Correctional Officers at most, in direct violation of the State of Georgia Georgia Department of Corrections Standard Operating Procedures, which states there is mandated by the State of Georgia Georgia Department of Corrections Policy that there are five (5) to six (6) Certified Correctional Officers that are mandated to operate and run the Tier I and Tier II Units safely.

19. 42 Code of Federal Regulations § 2.13 - Confidentiality

restrictions and safeguards. § 2.13 Confidentiality restrictions and safeguards. (a) General. The patient records subject to the regulations in this part may be disclosed or used only as permitted by the regulations in this part and may not otherwise be disclosed or used in any civil, criminal, administrative, or legislative proceedings conducted by any federal, state, or local authority. Any disclosure made under the regulations in this part must be limited to that information which is necessary to carry out the purpose of the disclosure.

20. 42 Code of Federal Regulations § 2.31 - Consent requirements. § 2.31 Consent requirements. (b) Expired, deficient, or false consent. A disclosure may not be made on the basis of a consent which: (1) Has expired; (2) On its face substantially fails to conform to any of the requirements set forth in paragraph (a) of this section; (3) Is known to have been revoked; or (4) Is known, or through reasonable diligence could be known, by the individual or entity holding the records to be materially false. The WC-207 Georgia State Board Of Workers' Compensation Authorization And Consent To Release Medical Information written I signed on September 5, 2019 was expired and deficient because when the State of Georgia and the Georgia Department of Administrative Services made its' determination and decision to Deny my Workers' Compensation claim on the State of Georgia Notice to Controvert legal document, the waiver became expired and deficient on September 9, 2019 and therefore any Protected and

Privileged Health Information the State of Georgia and the Georgia Department of Administrative Services received after September 9, 2019 was in violation of Federal HIPAA law and therefore subject to criminal prosecution for such unlawful obtaining of my Protected and Privileged Medical Records. The waiver of my Medical Records was limited in scope to either approving or denying a Workers' Compensation claim in favor of myself or not and nothing more. The State of Georgia and the Georgia Department of Administrative Services decision to Deny my Workers' Compensation claim on September 9, 2019 expired, made deficient, and made any attempt to obtain any of my Protected and Privileged Medical Information and Records unlawful and having a false consent which was in violation of O.C.G.A. § 34-9-207 and 42 United States Code § 1320d–6 United States Federal Law.

21. 45 Code of Federal Regulations § 164.508 - Uses and disclosures for which an authorization is required. § 164.508 Uses and disclosures for which an authorization is required. (a) Standard: Authorizations for uses and disclosures - (1) Authorization required: General rule. Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section. When a covered entity obtains or receives a valid authorization for its use or disclosure of protected health information, such use or disclosure

must be consistent with such authorization. (C) Use or disclosure by the covered entity to defend itself in a legal action or other proceeding brought by the individual; (b) Implementation specifications: General requirements - (2) Defective authorizations. An authorization is not valid, if the document submitted has any of the following defects: (i) The expiration date has passed or the expiration event is known by the covered entity to have occurred; (iii) The authorization is known by the covered entity to have been revoked.

22. The State of Georgia, Georgia Department of Administrative Services and Georgia Department of Corrections attorney Chambless, Higdon, Richardson, Katz & Griggs, LLP submitted to the Georgia State Board of Workers' Compensation some of my Medical Records obtained by the State of Georgia, Georgia Department of Administrative Services and Georgia Department of Corrections that they stated did not exist and my unlawfully obtained Medical Records by some of my Medical Providers show the State of Georgia, Georgia Department of Administrative Services and Georgia Department of Corrections obtained and received my Medical Records after they Denied my Workers' Compensation Claim on September 9, 2019 because my unlawfully obtained medical records are date stamped when they were sent and received by the State of Georgia and the Georgia Department of Administrative Services from my medical providers I visited. The State of Georgia and the Georgia Department of

Administrative Services unlawfully obtained my Medical Records from CareConnect Health in Americus, GA on September 19, 2019, ten (10) days after my signed waiver was Expired, Terminated and Voided by its' Denying and Closing my Workers' Compensation Claim, which the protection of the State of Georgia's right to obtain my Medical Records pertaining to my injury legally was Expired, Terminated and Voided by the limited waiver in accordance with Georgia State Law and United States Federal Law without my written consent. The State of Georgia and the Georgia Department of Administrative Services unlawfully obtained my Medical Records from Grady Memorial Hospital in Atlanta, GA on October 7, 2019, twenty eight (28) days four (4) weeks after my signed waiver was Expired, Terminated and Voided by the State of Georgia Denying and Closing my Workers' Compensation Claim, which the protection of the State of Georgia's right to obtain my medical records pertaining to my injury legally was Terminated and Voided by the limited waiver in accordance with Georgia State Law and United States Federal Law without my written consent. The State of Georgia and the Georgia Department of Administrative Services sent a signed Release and Authorization Form For my Medical Records that was legally Expired, Terminated and Voided under false pretenses and in violation of Public Law 104-191, the Health Insurance Portability and Accountability Act of 1996, 42 U.S. Code § 1320d–6.Wrongful disclosure of individually identifiable health information, O.C.G.A. § 34-9-207, O.C.G.A. § 34-9-18, and O.C.G.A. §

34-9-19.

23. Administrative Law Judge Sharon Reeves employed by the
State of Georgia Georgia State Board Of Workers' Compensation
did not even address the violations of Georgia State Code and Law
I argued the State of Georgia, Georgia Department of
Administrative Services, and Georgia Department of Corrections
engaged in because she is employed by the State of Georgia, so
how could the State of Georgia give a fair and impartial judgment
upon itself which would not be in its' best interests, which shows
the State of Georgia is not impartial, bias, or prejudice nor will
apply and enforce the Laws of the State of Georgia that is fair and
impartial from bias and prejudice and by this Disregard for my
14th Amendment Rights of the United States Constitution to Equal
Protections under the United States Federal Laws and the Georgia
State Code and Laws, this Civil Action against the State of
Georgia, Georgia Department of Administrative Services, Georgia
Department of Corrections, and Georgia State Board of Workers'
Compensation is warranted and sufficient to remedy the numerous
Georgia State Law and United States Law violations of the State of
Georgia collectively pursuant to 42 United States Code § 1983
Civil Action for Deprivation of Rights which states, "Every person
who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia,
subjects, or causes to be subjected, any citizen of the United States
or other person within the jurisdiction thereof to the deprivation of

any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

24. Administrative Law Judge Sharon Reeves employed by the State of Georgia Georgia State Board Of Workers' Compensation is violating my 14th Amendment Rights to Equal Protection under the Governing Georgia State Laws in allowing unlawfully the State of Georgia, Georgia Department of Administrative Services to further violate and break the law, to not remedy the deliberate and intentional violation of the Georgia State Code and Law, but instead to support and allow further abuse and violation of my Equal Protection under the State Law and the United States Federal Law in respect to my Federally Protected and Privileged Health Information pursuant to Public Law 104-191 the Health Insurance Portability and Accountability Act of 1996, and this unlawful order she rendered on January 21, 2020, allowing a third party (3rd) to assess and obtain my Medical Protected and Privileged Medical Information and Records after I provided to her substantial, overwhelmingly, and by the preponderance of the evidence, should

have corrected this such blatant disregard and direct violation, which is provable by the evidence and stop this deliberate violation of Georgia State Law which Governs the State of Georgia Workers' Compensation processes and procedures, but Administrative Law Judge Sharon Reeves is allowing this unlawful frivolous litigation to continue arguing that the State of Georgia, Georgia Department of Administrative Services, Georgia Department of Corrections and their attorneys have a right to discover my Protected and Privileged Medical Information and Records without my Written Consent because somehow the law allows for individuals that use their office and power to break the Georgia State Code and Law are still allowed to Discover Protected and Privileged Medical Information and Records in violation of United States Federal Law 42 U.S. Code § 1320d–6. Wrongful disclosure of individually identifiable health information.

25. The WC-207 Georgia State Board Of Workers' Compensation Authorization And Consent To Release Medical Information written I signed on September 5, 2019 was expired and deficient because when the State of Georgia and the Georgia Department of Administrative Services made its' determination and decision to Deny my Workers' Compensation claim on the State of Georgia Notice to Controvert legal document, the waiver became expired and deficient on September 9, 2019 and therefore any Protected and Privileged Health Information the State of Georgia and the

Georgia Department of Administrative Services received after September 9, 2019 was in violation of Federal HIPAA law and therefore subject to criminal prosecution for such unlawful obtaining of my Protected and Privileged Medical Records.

26. O.C.G.A. § 34-9-207 Section 34-9-207. Employee's waiver of confidentiality of communications with physician; release for medical records and information; refusal to sign release (a) When an employee has submitted a claim for workers' compensation benefits or is receiving payment of weekly income benefits or the employer has paid any medical expenses, that employee shall be deemed to have waived any privilege or confidentiality concerning any communications related to the claim or history or treatment of injury arising from the incident that the employee has had with any physician, including, but not limited to, communications with psychiatrists or psychologists. This waiver shall apply to the employee's medical history with respect to any condition or complaint reasonably related to the condition for which such employee claims compensation. Notwithstanding any other provision of law to the contrary, when requested by the employer, any physician who has examined, treated, or tested the employee or consulted about the employee shall provide within a reasonable time and for a reasonable charge all information and records related to the examination, treatment, testing, or consultation concerning the employee. (b) When an employee has submitted a claim for workers' compensation benefits or is receiving payment

of weekly income benefits or the employer has paid any medical expenses, the employee, upon request, shall provide the employer with a signed release for medical records and information related to the claim or history or treatment of injury arising from the incident, including information related to the treatment for any mental condition or drug or alcohol abuse and to such employee's medical history with respect to any condition or complaint reasonably related to the condition for which such employee claims compensation. Said release shall designate the provider to whom the release is directed. If a hearing is pending, any release shall expire on the date of the hearing. (c) If the employee refuses to provide a signed release for medical information as required by this Code section and, in the opinion of the board, the refusal was not justified under the terms of this Code section, then such employee shall not be entitled to any compensation at any time during the continuance of such refusal or to a hearing on the issues of compensability arising from the claim., O.C.G.A. § 34-9-221 Section 34-9-221. Procedure; payment controverted by employer; delinquency charge; enforcement (a) Income benefits shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability is controverted by the employer. Payments shall be made in cash, by negotiable instrument, or, upon agreement of the parties, by electronic funds transfer. (b) The first payment of income benefits shall become due on the twenty-first day after the employer has knowledge of the injury or death, on which day all income benefits then due shall be

paid. Thereafter, income benefits shall be due and payable in weekly installments; provided, however, that the board may, in its discretion, authorize payments to be made in different installments if it determines that this would be beneficial to all parties concerned. Such weekly payments shall be considered to be paid when due when mailed from within the State of Georgia to the address specified by the employee or to the address of record according to the board. Such weekly payments shall be considered to be paid when due when mailed from outside the State of Georgia no later than three days prior to the due date to the address specified by the employee or the address of record according to the board. Such weekly payments shall be considered to be paid when due at the time they are made by electronic funds transfer to an account specified by the employee. (c) Upon making the first payment and upon suspension of payment for any cause, the employer shall immediately notify the board and the employee, in accordance with forms prescribed by the board, that payment of income benefits has begun or has been suspended, as the case may be. (d) If the employer controverts the right to compensation, it shall file with the board, on or before the twenty-first day after knowledge of the alleged injury or death, a notice in accordance with the form prescribed by the board, stating that the right of compensation is controverted and stating the name of the claimant, the name of the employer, the date of the alleged injury or death, and the ground upon which the right to compensation is controverted.(e) If any income benefits payable without an award

are not paid when due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the accrued income benefits unless notice is filed under subsection (d) of this Code section or unless this nonpayment is excused by the board after a showing by the employer that owing to conditions beyond control of the employer the income benefits could not be paid within the period prescribed. (f) If income benefits payable under the terms of an award are not paid within 20 days after becoming due, there shall be added to the accrued income benefits an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, the accrued benefits unless review of the award is granted by the board or unless this nonpayment is excused by the board after a showing by the employer that due to conditions beyond the control of the employer the income benefits could not be paid within the period prescribed.

27. 42 U.S. Code § 1320d–6 United States Code Title 42. THE PUBLIC HEALTH AND WELFARE Chapter 7. SOCIAL SECURITY Subchapter XI. GENERAL PROVISIONS, PEER REVIEW, AND ADMINISTRATIVE SIMPLIFICATION Part C. Administrative Simplification Section 1320d–6. Wrongful disclosure of individually identifiable health information (a) Offense A person who knowingly and in violation of this part—(1) uses or causes to be used a unique health identifier; (2) obtains individually identifiable health information relating to an

individual; or (3) discloses individually identifiable health information to another person, shall be punished as provided in subsection (b). For purposes of the previous sentence, a person (including an employee or other individual) shall be considered to have obtained or disclosed individually identifiable health information in violation of this part if the information is maintained by a covered entity (as defined in the HIPAA privacy regulation described in section 1320d–9 (b) (3) of this title) and the individual obtained or disclosed such information without authorization. (b) Penalties A person described in subsection (a) shall—(1) be fined not more than $50,000, imprisoned not more than 1 year, or both; (2) if the offense is committed under false pretenses, be fined not more than $100,000, imprisoned not more than 5 years, or both; and (3) if the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm, be fined not more than $250,000, imprisoned not more than 10 years, or both.

28. 18 United States Code § 245 Federally Protected Activities (b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—(2) (B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof; (C) applying for or enjoying employment,

or any perquisite thereof, by any private employer or any agency of any State or subdivision thereof.

29. 18 United States Code § 246 Deprivation of Relief Benefits states, "Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this title, or imprisoned not more than one year, or both."

30. 42 United States Code § 1983 Civil Action for Deprivation of Rights which states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

31. The State of Georgia, Georgia Department of Administrative Services and Georgia Department of Corrections attorney Chambless, Higdon, Richardson, Katz & Griggs, LLP submitted to the Georgia State Board of Workers' Compensation some of my Medical Records obtained by the State of Georgia, Georgia Department of Administrative Services and Georgia Department of Corrections that they stated did not exist and my unlawfully obtained Medical Records by some of my Medical Providers show the State of Georgia, Georgia Department of Administrative Services and Georgia Department of Corrections obtained and received my Medical Records after they Denied my Workers' Compensation Claim on September 9, 2019 because my unlawfully obtained medical records are date stamped when they were sent and received by the State of Georgia and the Georgia Department of Administrative Services from my medical providers I visited. The State of Georgia and the Georgia Department of Administrative Services unlawfully obtained my Medical Records from CareConnect Health in Americus, GA on September 19, 2019, ten (10) days after my signed waiver was Expired, Terminated and Voided by its' Denying and Closing my Workers' Compensation Claim, which the protection of the State of Georgia's right to obtain my Medical Records pertaining to my injury legally was Expired, Terminated and Voided by the limited waiver in accordance with Georgia State Law and United States Federal Law without my written consent. The State of Georgia and

the Georgia Department of Administrative Services unlawfully obtained my Medical Records from Grady Memorial Hospital in Atlanta, GA on October 7, 2019, twenty eight (28) days four (4) weeks after my signed waiver was Expired, Terminated and Voided by the State of Georgia Denying and Closing my Workers' Compensation Claim, which the protection of the State of Georgia's right to obtain my medical records pertaining to my injury legally was Terminated and Voided by the limited waiver in accordance with Georgia State Law and United States Federal Law without my written consent. The State of Georgia and the Georgia Department of Administrative Services sent a signed Release and Authorization Form For my Medical Records that was legally Expired, Terminated and Voided under false pretenses and in violation of Public Law 104-191, the Health Insurance Portability and Accountability Act of 1996, 42 U.S. Code § 1320d–6.Wrongful disclosure of individually identifiable health information, O.C.G.A. § 34-9-207, O.C.G.A. § 34-9-18, and O.C.G.A. § 34-9-19.

32. There is no medical history of injury before my on the job injury on May 24, 2019 and the State of Georgia and the Georgia Department of Corrections had me complete a paid for physical examination by a State of Georgia affiliated Doctor on June 6, 2018 that checked me for injuries and found none, this evidence proves that I could not have had a previous injury before working for the State of Georgia and the Georgia Department of

Corrections.

33. The one (1) year and 2 months I worked for the State of
Georgia and the Georgia Department of Corrections I performed
the duties of my job without any accommodation which also
proves I had no previous injury prior to my on the job injury on
May 24, 2019. I completed a Physical Agility test which consisted
of sixteen (16) or twenty (20) pushups in one (1) minute, twenty
(20) situps in one (1) minute, and an one (1) mile run in sixteen
(16) minutes and thirty (30) seconds, completed five (5) weeks of
Basic Correctional Officer Training which consists of intense
physical training, running, marching, pushups, squats, defensive
techniques, jumping, exercising, situps etc. and I was able to do all
the strenuous physical exercises which also prove I had no injury
prior to May 24, 2019.

34. The State of Georgia, Georgia Department of Administrative
Services and Georgia Department of Corrections attorney
Chambless, Higdon, Richardson, Katz & Griggs, LLP in their
December 27, 2019 letter to me, they threatened and intimidated
me that I should Withdraw my Objection for their Requests to
Obtain my Medical Records or they would warrant the
Administrative Judge to award them attorney's fees for having to
respond to my Objection on behalf of their client the State of
Georgia, Georgia Department of Administrative Services and
Georgia Department of Corrections, their threatening and

intimidation tactics were unlawful and violates any Georgia State Law and United States Federal Law in violation of 18 United States Code § 246 Deprivation of Relief Benefits, 18 United States Code § 245 Federally Protected Activities, 18 United States Code § 241 Conspiracy Against Rights, O.C.G.A. § 16-11-37 Terroristic threats and acts; penalties.

35. 18 United States Code § 241. Conspiracy against rights If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same.

36. The State of Georgia, Georgia Department of Administrative Services and Georgia Department of Corrections attorneys Chambless, Higdon, Richardson, Katz & Griggs, LLP wanted me to sign a second (2nd) Georgia State Board Of Workers' Compensation Authorization And Consent To Release Medical Information Form so that it could have a second (2nd) chance to legally obtain my Medical Records because it did not obtain my Medical Records the first (1st) time I consented to them obtaining my Medical Records and Information from my Medical Providers I visited.

37. I did not file a Hearing with the Georgia State Board Of

Workers' Compensation because a lawful and legal determination
of my Workers' Compensation benefits was decided, but because
an Unlawful determination to Deny my Workers' Compensation
benefits was made without my Medical Records obtained and
reviewed to prove an on the job injury, but because the State of
Georgia, Georgia Department of Administrative Services, and
Georgia Department of Corrections did not believe I had an injury,
that they were the reason I sustained an injury, and that I did not
previously have an injury prior to working for the State of Georgia
and the Georgia Department of Corrections.

38. Administrative Law Judge Sharon Reeves employed by the
State of Georgia Georgia State Board Of Workers' Compensation
is violating my 14th Amendment Rights to Equal Protection under
the Governing Georgia State Laws in allowing unlawfully the State
of Georgia, Georgia Department of Administrative Services to
further violate and break the law, to not remedy the deliberate and
intentional violation of the Georgia State Code and Law, but
instead to support and allow further abuse and violation of my
Equal Protection under the State Law and the United States Federal
Law in respect to my Federally Protected and Privileged Health
Information pursuant to Public Law 104-191 the Health Insurance
Portability and Accountability Act of 1996, and this unlawful order
she rendered on January 21, 2020, allowing a third party (3rd) to
assess and obtain my Medical Protected and Privileged Medical
Information and Records after I provided to her substantial,

overwhelmingly, and by the preponderance of the evidence, should
have corrected this such blatant disregard and direct violation,
which is provable by the evidence and stop this deliberate violation
of Georgia State Law which Governs the State of Georgia
Workers' Compensation processes and procedures, but
Administrative Law Judge Sharon Reeves is allowing this unlawful
frivolous litigation to continue arguing that the State of Georgia,
Georgia Department of Administrative Services, Georgia
Department of Corrections and their attorneys have a right to
discover my Protected and Privileged Medical Information and
Records without my Written Consent because somehow the law
allows for individuals that use their office and power to break the
Georgia State Code and Law are still allowed to Discover
Protected and Privileged Medical Information and Records in
violation of United States Federal Law 42 U.S. Code
§ 1320d–6.Wrongful disclosure of individually identifiable health
information.

39. Administrative Law Judge Sharon Reeves employed by the
State of Georgia Georgia State Board Of Workers' Compensation
said the State of Georgia, Georgia Department of Administrative
Services, and Georgia Department of Corrections and their
attorneys had a right to Discovery regardless if the evidence is
inadmissible, they still have a right to discover evidence because of
the Georgia Civil Practice Act, but because the State of Georgia,
Georgia Department of Administrative Services, and Georgia

Department of Corrections broke and violated the law, their
discovery and searching of my Medical Records is unlawful
because my Medical Records are Protected and Privileged because
I had to waive my Protection and Privilege of my Medical Records
to allow the State of Georgia and Georgia Department of
Administrative Services to obtain my Medical Records to prove or
disprove that I sustained an on the job injury and after such
determination, my medical records go back to being Protected and
Privileged because the Waiving of my Protected and Privileged
Medical Records are limited in scope to allow the responsible party
that are legally responsible for my injury to compensate me for
treatment and damages I accrued because of their negligent
actions, and my Waiver of my Protected and Privileged Medical
Records are not Waived Indefinitely just because I filed a Workers'
Compensation Claim as O.C.G.A. § 34-9-207 my Protected and
Privileged Medical Records protections are Waived just long
enough to allow the Georgia Department of Administrative
Services to review my Medical Records pertaining to my on the
job injury not my whole Medical History because that intrusion of
my whole Medical History when I was not employed by the State
of Georgia Georgia Department of Corrections is not unlawfully
and this part of O.C.G.A. § 34-9-207 that was amended "this
waiver shall apply to the employee's medical history with respect
to any condition or complaint reasonably related to the condition
for which such employee claims compensation", this particular
part of the Georgia Workers' Compensation Code and Law states

Employee's Medical History With Respect to any Condition or
Complaint REASONABLY Related to the Condition for Which
Such Employee Claims Compensation, Reasonably means in a fair
and sensible way. Reasonable means suitable; just; proper;
ordinary; fair; usual. Suitable means such as to suit; appropriate;
acceptable; fitting. Proper means fit; correct; reasonably sufficient;
that which is well adapted or appropriate. Fair means having or
exhibiting a disposition that is free of favoritism or bias; impartial.
Equitable means characterized by fairness; just and right;
impartial; unbiased, impartial or reasonable; fair; just, fair and
impartial or reasonable; just and right. Impartial means not partial
or biased; unprejudiced, not prejudiced towards or against any
particular side or party; fair; unbiased. Partial means favoring one
person or side over another or others; biased or prejudiced. Biased
means marked by or exhibiting bias; prejudiced having or showing
bias; favoring one person or side over another; "a biased account of
the trial"; "a decision that was partial to the defendant". Bias means
an unfair act or policy stemming from prejudice; one that prevents
impartial consideration of a question; prejudice. Prejudice means
the act or state of holding unreasonable preconceived judgments or
convictions; an adverse judgment or opinion formed unfairly or
without knowledge of the facts; detriment or harm caused to a
person, especially in a legal case; an opinion formed beforehand;
an unfavorable opinion or feeling formed beforehand or without
knowledge, thought, or reason. Unbiased means without bias or
prejudice; impartial; having no bias or prejudice; fair or impartial.

Reasonably described in O.C.G.A. § 34-9-207 means fair and
sensible, making sense, just, sufficient, free from favoritism or
bias, impartial, not prejudice toward or against a side or party,
unbiased, not favoring one side other another, not holding
unreasonable preconceived predetermined judgments. O.C.G.A. §
34-9-207 states "reasonably related to the condition for which such
employee claims compensation", would reasonably be fair and
making sense to allow the Georgia Department of Administrative
Services, the Georgia Department of Corrections, and their
attorneys to Medical Records that are one (1), two (2), three (3),
four (4), five (5), ten (10) years, or my whole entire life from my
birth until present day to be sought and reviewed to gather
Protected and Privileged Medical Information to assess to
determine and use as a reason which is unlawful to not be legally
and lawfully responsible for my on the job injury which I sustained
performing my assigned duties at work? This act of allowing the
Georgia Department of Administrative Services, the Georgia
Department of Corrections, and their attorneys to obtain my
Protected and Privileged Medical Records from my entire life from
my birth until present day is unreasonable and violates O.C.G.A. §
34-9-207 in obtaining my entire life Medical Records is violating
my Health Information Privacy Rights and is legally not fair to me
about my own Medical Records that Administrative Law Judge
Sharon Reeves have ordered the Medical Facilities I visited and
was treated for my on the job injury and violates the O.C.G.A. §
34-9-207 Workers' Compensation Law of what reasonable Medical

Records being obtained allowed by Georgia State Code and United States Federal Law. The purpose of O.C.G.A. § 34-9-207 is to allow a limited waiver long enough for the State of Georgia and the Georgia Department of Administrative Services to obtain the necessary Medical Records to assess if the State of Georgia, Georgia Department of Corrections and the Georgia Department of Administrative Services were legally responsible for my on the job injury, which this limited waiver is not a permanent or unlimited waiver to obtain unnecessary Medical Records to use my Medical Records for malicious harm, to personally gain from them to attempt to escape legal liability for my on the job injury that occurred while I was working and performing my duties with the State of Georgia Georgia Department of Corrections.

40. O.C.G.A.§ 9-15-14 Litigation costs and attorney's fees assessed for frivolous actions and defenses (a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just. (b) The court may assess reasonable and

necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. (c) No attorney or party shall be assessed attorney's fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Georgia if such new theory of law is based on some recognized precedential or persuasive authority.

41. O.C.G.A. § 51-7-81 Liability for abusive litigation Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial justification.

42. The Georgia Department of Corrections and Georgia Department of Administrative Services attorneys Chambless, Higdon, Richardson, Katz & Griggs, LLP Unlawfully and

Maliciously filed a Request for a Hearing for Penalties for
Attorney Fees and Assessment for Attorney Fees on January 20,
2020 that were Without Legal Merit and was Frivolous and
Abusive Litigation on me the Appellant and Employee. The
Georgia Department of Corrections and Georgia Department of
Administrative Services attorneys Chambless, Higdon, Richardson,
Katz & Griggs, LLP Unlawfully and Maliciously filed a Motion
for Summary Judgment against me to Deny my Workers'
Compensation Claim and Case Without Legal Merit and Frivolous
and Abusive Litigation to Intimidate me to Withdraw my Workers'
Compensation Claim and Case because the Georgia Department of
Corrections and Georgia Department of Administrative Services
attorney Chambless, Higdon, Richardson, Katz & Griggs, LLP
stated in his Brief on behalf of the Georgia Department of
Corrections and Georgia Department of Administrative Services,
"The Claimant's Medical Records are not Privileged, and they are
Discoverable. He has Waived any Privilege when he filed the
Hearing Request. If he wishes to keep his Medical Records
Privileged, He Simply Needs to Withdraw His Hearing Request.
That is Entirely Within His Control". This abuse of discovery
procedures available under Chapter 11 of this title, the "Georgia
Civil Practice Act." As used in this Code section, "lacked
substantial justification" means substantially frivolous,
substantially groundless, or substantially vexatious is in violation
of O.C.G.A. § 9-15-14 for Frivolous actions and defenses, it is
called Frivolous and Abusive Litigation, on September 9, 2019 by

Denying my Workers' Compensation without Lawful Reasoning in violation of Grounds for denial of compensation; burden of proof in establishing grounds for denial in violation of O.C.G.A. § 34-9-17, O.C.G.A. § 34-9-18, and O.C.G.A. § 34-9-19, False Statements were made on the WC-3 Notice to Controvert to contest, deny, and take issue with Injury I sustained performing my assigned duties working for the Georgia Department of Corrections stating, "This serves as notice, pursuant to O.C.G.A. § 34-9-221, that the right to compensation in this claim is being controverted on the following specific grounds: No medical to support injury due to accident on 5/24/19. Right is reserved to defend all 34-9", this was a false statement made by the Georgia Department of Administrative Services, which started he violation of the Official Code for the State of Georgia O.C.G.A. § 34-9-18, and O.C.G.A. § 34-9-19 and it has continued throughout this Entire Claim, Case, and Proceeding, even involving the Administrative Law Judge Sharon H. Reeves Order on January 21, 2020 and the Administrative Law Judge stating "I find that good cause for the requested discovery has been demonstrated by Employer/Self-Insurer. Thus, the requested discovery shall be allowed. Specifically, I order the following medical providers to respond to the "Request for Production of Documents to a Non-Party" served upon them by Employer/Self-Insurer and to contemporaneously produce a copy to Employee of any documents provided to Employer/Self-Insurer", this was in Direct Violation of the Health Insurance Portability and Accountability Act of 1996

and 42 United States Code § 1320d–6.Wrongful disclosure of
individually identifiable health information because violations of
Georgia State Law and United States Federal Law cannot be
rewarded for breaking the law and Depriving a Resident and
Citizen Equal Protection of the Law and their United States
Constitution Rights and Immunities under the 14th Amendment of
the United States Constitution. The Administrative Law Judge
Sharon H. Reeves Order also stated, "Employee has previously
filed a Request for Hearing, and a hearing has been scheduled. The
issues Employee seeks in his motion require an evidentiary hearing
for resolution", the Administrative Law Judge violates my 14th
Amendments Rights of the United States Constitution to Equal
Protection of the Law in being shown Evidence of the Georgia
Department of Corrections and the Georgia Department of
Administrative Services and their attorneys violations of the
Georgia State Law and United States Law, she did not Attempt to
Correct the Violations of Law, which the only Legal Remedy she
could have done was GRANT and AWARD my Workers'
Compensation Claim in accordance with Georgia State Law for a
Frivolous and Abusive Claim, Defense, and Position of the
Georgia Department of Corrections and the Georgia Department of
Administrative Services and their attorneys Clear and Direct
Violation of the Georgia Workers' Compensation Law in an
Unlawful Denial of my Workers' Compensation Benefits and
continued Maliciously Without Legal Merit, Substantial
Justification, Frivolous, Substantially Groundless, or Substantially

Vexatious and were not in "Good Faith" because there is no Lawful Defense for Violating and Breaking the Law, and continuing to Violate and Break the Law to create an obstacle, harass, to aggressively pressure and intimidate me to Withdraw my Workers' Compensation Claim so they could win by Default and not be held accountable and legally liable for their unlawful actions and unnecessarily expanded the proceeding by improper conduct.

43. The United States Constitution Article XIV (Amendment 14 - Rights Guaranteed: Privileges and Immunities of Citizenship, Due Process, and Equal Protection) Citizenship Rights. Ratified 7/9/1868. 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

44. 42 United States Code § 1983 Civil Action for Deprivation of Rights Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

45. The defendants, by the evidence provided have violated my Fourteenth (14th) Amendment Rights of the United States Constitution, 42 United States Code § 1983 Civil Action for Deprivation of Rights, Violation of 18 United States Code § 246 Deprivation of Relief Benefits, Violation of 18 United States Code § 245 Federally Protected Activities, Violation of 18 United States Code § 241 Conspiracy Against Rights and should be held accountable for their deliberate, wrongful, and malicious actions and failure to resolve the alleged allegations against them.

46. The defendants failed and refused to comply with the Fourteenth (14th) Amendment Rights of the United States Constitution in reference to privileges or immunities of citizens of the United States; nor shall any State deprive any person nor deny to any person within its jurisdiction the equal protection of the laws or deprivation of any rights, privileges, or immunities secured

or protected by the Constitution or laws of the United States.

47. The defendants failed and refused to comply with the 42 United States Code § 1983 Civil Action for Deprivation of Rights in reference to every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

48. The defendants failed and refused to comply with the 18 United States Code § 246 Deprivation of Relief Benefits in reference to directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes.

49. The defendants failed and refused to comply with the 18 United States Code § 245 Federally Protected Activities in reference to force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof or applying for or enjoying employment, or

any perquisite thereof, by any private employer or any agency of any State or subdivision thereof.

50. The defendants failed and refused to comply with 18 United States Code § 241 Conspiracy Against Rights in reference to two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same.

51. The defendants failed and refused to comply with 42 U.S. Code § 1320d–6 United States Code Title 42. THE PUBLIC HEALTH AND WELFARE Chapter 7. SOCIAL SECURITY Subchapter XI. GENERAL PROVISIONS, PEER REVIEW, ANDADMINISTRATIVE SIMPLIFICATION Part C. Administrative Simplification Section 1320d–6. Wrongful disclosure of individually identifiable health information in reference to unauthorized obtaining and disclosing of Individually Identifiable Health Information pertaining to an individual.

52. The defendants failed and refused to comply with 42 Code of Federal Regulations § 2.13 - Confidentiality restrictions and safeguards

53. The defendants failed and refused to comply with 42 Code of

Federal Regulations § 2.31 - Consent requirements

54. The defendants failed and refused to comply with 45 Code of Federal Regulations § 164.508 - Uses and disclosures for which an authorization is required

55. The defendants failed and refused to comply with O.C.G.A. § 34-9-207 in reference to State of Georgia Workers' Compensation Benefits.

56. The defendants failed and refused to comply with O.C.G.A. § 34-9-18 in reference to Civil Penalties for Making False and Misleading Statements to Deny Georgia Workers' Compensation Benefits.

57. The defendants failed and refused to comply with O.C.G.A. § 34-9-19 in reference to Criminal Penalties for Making False and Misleading Statements to Deny Georgia Workers' Compensation Benefits.

58. The defendants failed and refused to comply with O.C.G.A. § 9-15-14 in reference to Frivolous Actions and Defenses and Litigation Costs and Attorney's Fees.

59. The defendants failed and refused to comply with O.C.G.A. § 51-7-81 in reference to Liability for Abusive Litigation.

The failure and refusal of the defendant to comply with 42 United States Code § 1983 Civil Action for Deprivation of Rights, Violation of 18 United States Code § 246 Deprivation of Relief Benefits, Violation of 18 United States Code § 245 Federally Protected Activities, Violation of 18 United States Code § 241 Conspiracy Against Rights, Violation of United States Constitution Amendment XIV (14), 42 Code of Federal Regulations § 2.13 Confidentiality restrictions and safeguards, 42 Code of Federal Regulations § 2.31 Consent requirements, 45 Code of Federal Regulations § 164.508 - Uses and disclosures for which an authorization is required, and the Official Code for the State of Georgia has damaged the plaintiff in the following manner: deprivation of rights, privileges, or immunities secured by the Constitution and laws, unauthorized disclosure of my privileged and protected individually identifiable health information without my written consent, my employment, the compensation I earned, undue burden and hardship, mental anguish, and emotional distress.

WHEREFORE, plaintiff demands judgment against defendants for:

1. Compensatory damages in the amount of $20,000,000 from CareConnect Health, Inc., $20,000,000 from Grady Memorial Hospital Corporation, $5,000,000 from Americus & Sumter

County Hospital Authority, $20,000,000 from Phoebe Sumter Medical Center, Inc. and Phoebe Putney Health System, Inc., $20,000,000 from Ciox Health, LLC, and $30,000,000 from Chambless, Higdon, Richardson, Katz & Griggs, LLP;

2. Such other and further relief as the court may deem just and proper.

Dated: July 15th, 2020

Respectfully submitted,

Justin Laster

2014 Armory Drive

Americus, GA 31719

(229) 924-0407